77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noe OROZCO-VIVEROS, aka: Noe Orozco Viveros; aka Noe
Viveros Orozco, Defendant-Appellant.
 No. 95-50045.
 United States Court of Appeals, Ninth Circuit.
 Argued Dec. 13, 1995.
Submitted Dec. 28, 1995.
Decided Feb. 12, 1996.
 
 Before: SCHROEDER, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Noe Orozco Viveros (Orozco) appeals from his jury conviction for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and using or carrying a firearm in relation to a drug offense. Orozco was arrested, along with his uncle Javier and several others, after attempting to sell 100 kilograms of cocaine to a government informant. Each kilo of cocaine was sealed in a rubberized package. Orozco testified that he had no idea that the packages contained cocaine, and thought they contained cheese. A few weeks before trial, at the Metropolitan Detention Center, Orozco underwent a polygraph examination that confirmed Orozco's version of these events.
 
 
 3
 The district court held an evidentiary hearing on the admissibility of the polygraph evidence under Fed.R.Evid. 702 and 403. In so doing, the district court applied the same procedures under the Federal Rules of Evidence as it would have applied given any other scientific evidence; the polygraph was not given unique treatment. At that hearing, the government's expert pointed out several weaknesses with the test.
 
 
 4
 After the hearing, the district court excluded all evidence concerning the polygraph test. The district court said that "in the first place, the Court has a significant question as to whether the jurors can be assisted in any way whatsoever by lie detector tests" as required by Fed.R.Evid. 702.
 
 
 5
 The district court then went on to say that under Fed.R.Evid. 403 "the defendant has not carried the burden of proof by establishing by a preponderance that the polygraph testing results should be admitted." In making its 403 determination, the district court pointed out numerous weaknesses in the polygraph test.
 
 
 6
 Orozco presents only one issue for this Court to review on appeal. Orozco argues that the district court violated his Sixth Amendment right to compulsory process when the district court placed the burden on Orozco to prove that the polygraph test was reliable, rather than placing the burden on the government to prove that the test was so unreliable as to warrant exclusion. Orozco does not argue that the district court's ultimate conclusion to exclude the polygraph violated his Sixth Amendment rights; Orozco contests only the fact that he had to shoulder the burden of proof.
 
 
 7
 Determinations of where the burden of proof lies are reviewed de novo. United States v. Layton, 855 F.2d 1388 (9th Cir.1988). Review of compulsory process claims is also de novo. People of Territory of Guam v. Palomo, 35 F.3d 368, 374 (9th Cir.1994).
 
 
 8
 Orozco rests his burden of proof argument primarily on the Supreme Court's decision in Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704 (1987). In Rock, the Court struck down Arkansas' per se bar prohibiting the use of hypnotically refreshed testimony. In so doing, the Court said:
 
 
 9
 The state would be well within its powers if it established guidelines to aid trial courts in evaluation of post-hypnosis testimony and it may be able to show that testimony in a particular case is so unreliable that exclusion is justified. But it has not shown that hypnotically enhanced testimony is always so untrustworthy and so immune to the traditional means of evaluating credibility that it should disable a defendant from presenting her version of the events for which she is on trial. Id. at 2714.
 
 
 10
 Orozco interprets this language as placing the burden on the government to show that any given piece of evidence that the government opposes on relevancy grounds at trial is unreliable. Orozco's reading of Rock would alter the federal relevance rules as they now stand, which place the burden of demonstrating admissibility on the proponent of evidence at trial. United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987); Fed.R.Evid. 403.
 
 
 11
 No court has interpreted Rock as Orozco asks this court to interpret it. Rather, the Supreme Court has stated, in Chambers v. Mississippi, 93 S.Ct. 1038 (1973), that in exercising the Sixth Amendment compulsory process right, "the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Id. at 1049. Likewise, in striking down the Arkansas per se bar on hypnotically refreshed testimony, Rock intonates that the refreshed testimony should have been scrutinized under the "traditional means of evaluating credibility" available to the state. 107 S.Ct. at 2714. In sum, the precedent does not create a strict rule governing the burden of proof in criminal cases and mandating the wholesale abandonment of the traditional allocation of the burden of proof under Federal Rules of Evidence 403.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3